UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES N. EVEY,

        Plaintiff,

v.

CREATIVE DOOR & MILLWORK, LLC
a Florida Limited Liability Company, and
CREATIVE DOOR & MILLWORK
INSTALLATIONS, LLC, a Florida Limited
Liability Company,

        Defendants.

CASE NO: 2:15-cv-441-FtM-29-MRM

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION DISMISS COUNTS I, II, AND V OF PLAINTIFF'S COMPLAINT

Defendants, CREATIVE DOOR & MILLWORK, LLC and CREATIVE DOOR & MILLWORK INSTALLATIONS, LLC, by and through their undersigned counsel and pursuant to pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure and Rule 3.01(a), Local Rules for the Middle District of Florida, file this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Counts I, II and V of Plaintiff's Complaint.

### INTRODUCTION

Plaintiff, JAMES N. EVEY, commenced this litigation by filing a six-count Complaint against Defendants, CREATIVE DOOR & MILLWORK, LLC and CREATIVE DOOR & MILLWORK INSTALLATIONS, LLC ("Creative Door") seeking wages, compensation and damages claimed to be due for <u>one week of work</u> performed in March of 2015. Creative Door seeks to dismiss Count I (Retaliatory

Discharge in Violation of 29 U.S.C. §215(a)(3), Count II (Unlawful Employment Retaliation in Violation of Fla. Stat. §448.102, and Count V (Civil Extortion) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

## FACTUAL BACKGROUND

On or about February 11, 2014, Plaintiff applied for employment as a window and door installer with Creative Door. A true and correct copy of Plaintiff's completed Employment Application is attached hereto as Exhibit "A". In conjunction with his Employment Application, Plaintiff also completed an Employee Information and Release Authorization form, a true and correct copy of which is attached hereto as Exhibit "B". Plaintiff's Employment Application was ultimately accepted by Defendant, CREATIVE DOOR & MILLWORK INSTALLATIONS, LLC ("Creative Door Installations") and Plaintiff was hired as a window and door installer. After his hiring, Plaintiff signed an Acknowledgement of Receipt of Employee Handbook, a true and correct copy of which is attached hereto as Exhibit "C". As reflected in the completed Employee Information

---

[1] In support of this Motion to Dismiss, Creative Door submits for the Court's consideration documents that are referenced in Plaintiff's Complaint and are central to Plaintiff's claims. The Court may consider these documents without converting the Motion to Dismiss into one for summary judgment because they are incorporated by reference in the Complaint. The Eleventh Circuit has long recognized the propriety of considering documents outside the pleadings on a motion to dismiss when the documents are referenced in the complaint and central to the plaintiff's claims. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("Where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings . . . ."). A document which is not attached to the Complaint may be considered on a motion to dismiss "only if the attached document is: (1) central to the plaintiff's claim and (2) undisputed." *Valentine v. Legendary Marine FWB, Inc.*, No. 3:09-cv-334/MCR/EMT, 2010 WL 1687738, at *1 (N.D. Fla. 2010) (quoting *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "In this context a document is 'undisputed' if its authenticity is not challenged." *Id.*

and Release Authorization form, Plaintiff was initially hired as a part-time employee at a rate of pay of $20.00 per hour.

Later during the course of his employment with Creative Door Installations in 2015, Plaintiff was assigned to the Naples Square construction project and became a full-time employee with a rate of pay at $1,000 per week for a forty (40) hour work week. Plaintiff started his full time employment on February 18, 2015 and worked for Creative Door Installations as an installer until March 18, 2015. Plaintiff had disagreements with Creative Door regarding his salary and rate of pay and was formally terminated from employment on March 27, 2015. Between March 18, 2015 and March 26, 2015, Plaintiff engaged in communications with Creative Door regarding his final compensation and amounts he claimed to be due and owing from his employment. At the time of his termination on March 27, 2015, Creative Door prepared a check in the full sum of Plaintiff's demand for final compensation and tendered it to Plaintiff. Plaintiff refused the check. Lastly, at his termination meeting Plaintiff raised safety and confidentiality issues for the first time with Creative Door. Shortly after his termination, Plaintiff filed suit.

## MOTION TO DISMISS STANDARD

At the motion to dismiss stage, the Court must view Plaintiff's Complaint in the light most favorable to him and construe all allegations in the complaint as true. *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). A court, however, may dismiss a complaint on a dispositive issue of law. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 993 F.2d 1171 (11th Cir. 1993). Conclusory allegations will not survive a motion to

dismiss if not supported by facts constituting a legitimate claim for relief. *Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 f.2d 989, 995 (11th Cir. 1983). A complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) if the plaintiff has failed "to state a claim upon which relief can be granted." In reviewing a complaint to determine its sufficiency, only the factual allegations may be considered and legal conclusions should be disregarded. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Shorn of legal conclusions and other rhetoric, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 547. The facts alleged must "raise a right to relief above the speculative level." *Id.* at 555. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Thus, a motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that a plaintiff can prove no set of facts to support his claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *South Florida Water Mgt. Dist. V. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996).

## LEGAL ARGUMENT

### COUNT I SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD A CAUSE OF ACTION FOR RETALIATORY DISCHARGE UNDER THE FLSA

To adequately plead a retaliatory discharge claim under the Fair Labor Standards Act ("FLSA"), a plaintiff must allege (1) an <u>activity protected under the act;</u> (2) adverse action by the employer; and (3) a causal connection between the employee's activity and the adverse action." *Freeman v. Key Largo Volunteer Fire and Rescue Dept., Inc.*, 494 Fed.Appx. 940, 945 (11th Cir. 2012), citing *Wolf v. Coca-Cola*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (emphasis added). The case law is clear that general work grievances do

not give rise to FLSA anti-retaliation actions. *Barquin v. Monty's Sunset, LLC*, 975 F.Supp2d 1309, 1312-13 (S.D. Fla. 2013); *Lambert v. Ackerley*, 18 F.3d 997, 1007 (9th Cir. 1999) ("Not all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of §215(a)(3)"); *Valerio v. Putnam Assoc., Inc.*, 173 F.3d 35, 44 (1st Cir. 1999); *Brown v. Triton Sec.*, 2005 WL 2708914 (E.D. Va. 2005) (Employee's complaints regarding pay rate and job assignment merely expressed "dissatisfaction with the terms of his employment at-will status. Such complaints are not protected activity.").

Count I of Plaintiff's Complaint alleges that Plaintiff was terminated for refusal to work under allegedly unsafe conditions and that he was penalized by withholding "promised" wages and mileage. Count I fails to contain the necessary substance or specificity required to demonstrate a protected activity under FLSA. Plaintiff has not alleged that made complaints regarding workplace safety in writing or that he intended to seek formal redress to remedy any alleged wrongful activity. Plaintiff has not identified any alleged violation of law or regulation pertaining to safety. Thus, Plaintiff's complaints did not and could not place Creative Door on notice about claims of FLSA violations. Taken in the light most favorable to Plaintiff, his allegations in Count I merely relate to general workplace grievances (including promised pay) and as such Plaintiff has failed to state a cause of action for retaliatory discharge.

## COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD A PRIMA FACIE CASE FOR VIOLATION OF THE FLORIDA WHISTLE-BLOWER ACT

Similar to Count I, in Count II Plaintiff has failed to plead a prima facie case for violations of Chapter 488, Florida's Whistle-Blower Act. The Whistle-Blower Act prohibits private sector employers from retaliating against employees who "blow the whistle" on employers who violate the law or against employees who refuse to participate in violations of the law. The Whistle-Blower Act prohibits employers from taking adverse action against an employee for: (1) disclosing or threatening to disclose an activity that is in violation of a law, rule, or regulation ("disclosure claim"); (2) providing information or assistance to a person conducting an investigation into such an alleged violation by the employer ("assistance claim"); and (3) objecting to or refusing to participate in any such violation of a law, rule or regulation ("objection claim"). *Smith v. Psychiatric Solutions, Inc.*, 2009 WL 903624 (N.D. Fla. 2009); *Bell v. Georgi- Pacific Corp*, 390 F.Supp.2d 1182 (M.D. Fla. 2005).

In the instant case, Plaintiff appears to be asserting an objection claim under Fla. Stat. §448.102(3). To prevail on a claim under this statute, a plaintiff must allege and prove that the activity, policy or practice objected to is, in fact, in violation of a law, rule or regulation. *Kearns v. Farmer Acquisition, Co.*, 157 So.3d 458, 463-65 (Fla. 2d DCA 2015); *White v. Purdue Pharma, Inc.*, 369 F.Supp.2d 1335, 1337 (M.D. Fla. 2005); *United States ex rel. Vargas v. Lackmann Food Svc., Inc.*, 51 F.Supp.2d 957, 968 (M.D. Fla. 2007); *Taylor v. Memorial Health Systems, Inc.*, 770 So.2d 752, 754 (Fla. 5th DCA 2003). Per the statute, "law", "rule", or "regulation" refers to federal, state, or local

statutes, ordinances, or regulations formally "adopted" by an appropriate body, which are applicable to the employer and pertain to the employer's business. *New World Communications of Tampa, Inc. v. Akre*, 866 So.2d 1231, 1233-34 (Fla. 2d DCA 2003); *Tyson v. Viacom, Inc.*, 760 So.2d 276, 277 (Fla. 4th DCA 2000).

In this case, Plaintiff claims that Creative Door retaliated against him because he objected to working under allegedly unsafe or hazardous conditions. As a threshold matter, these allegations do not demonstrate that Plaintiff engaged in any protected conduct under the Whistle-Blower Act. There are no allegations as to what law, rule or regulation was violated by the alleged unsafe working conditions and Count II fails to demonstrate that the conduct about which Plaintiff complains, if proven, would be a violation of a law, rule or regulation within the meaning of the statute. *See, Johnson v. Stein Mart, Inc.*, 2007 WL 1796265 (M.D. Fla. 2007). For these reasons, Plaintiff has failed to state a cause of action under Florida's Whistle-Blower Act, and Count II of Plaintiff's Complaint must be dismissed.

### COUNT V MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD A CAUSE OF ACTION UNDER FLORIDA'S RICO ACT

In Count V, Plaintiff claims that Creative Door violated the Civil Remedies for Criminal Practices Act (the Florida RICO Act) by requesting that Plaintiff sign a General Release of Liability Agreement upon his termination in order to obtain his final

compensation.[2] Once again, however, Plaintiff has failed to state a cause of action that can survive dismissal.[3]

The Florida RICO Act makes it unlawful for any person …employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity. *Horace-Manasse v. Wells Fargo*, 521 Fed Appx. 782, 784 (11th Cir. 2013). In order to state a claim under the Florida RICO Act, a plaintiff must allege facts showing: (1) conduct or participation in an enterprise through (2) a pattern of criminal activity. *Id.; Lugo v. State*, 845 So.2d 74, 97 (Fla. 2003). Further, a plaintiff must demonstrate proof of continuity, must prove proximate cause and detrimental reliance, and must show that his injuries flow from the predicate acts. *Bowden v. State*, 402 So.2d 1173, 1174 (Fla. 1981); *Prou v. Giarla*, 62 F.Supp. 3d 1365, 1381 (S.D. Fla. 2014). A plaintiff cannot allege merely that an act of racketeering occurred and he lost money – rather he must show a causal connection between his injury and the alleged predicate acts. *Id.*

Fla. Stat. §772.102(4) defines a pattern of "criminal activity" and it requires engaging in at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission. In interpreting this statute, courts have examined case law involving the federal RICO statute. *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir. 1994). To satisfy the test for "pattern of criminal activity" two (2) predicate acts may not be sufficient. Instead, in order to produce a

---

[2] Defendants deny these allegations in their entirety.

[3] Plaintiff does not even specify which subsection of Fla. Stat. §772.103 he is seeking relief through.

pattern, there has to be "continuity plus relationship". *Id.* Plaintiff has failed to plead any predicate acts for application of the Florida RICO Act and the civil remedies he seeks. Moreover, Plaintiff has failed to allege or demonstrate that the predicate acts are related and that they amount to or pose a threat of criminal activity. *Lauray v. Abell*, 2005 WL 2043520 (M.D. Fla. 2005). Lastly, Plaintiff has failed to allege or demonstrate continuity in Creative Door's actions. Continuity is an essential required element under the Florida RICO Act. *State v. Lucas* 600 So.2d 1093, 1094 (Fla. 1992). In short, Plaintiff's vague allegations in Count V utterly fail to state a cause of action under Florida's RICO Act, and thus Count V must be dismissed. *See, Ferrell v. Durbin*, 311 Fed.Appx. 253 (11th Cir. 2009).

As a final matter, Count V of Plaintiff's Complaint must be dismissed because injuries relating to lost employment and wages cannot be injuries to business or property as required to bring a civil action under RICO. *Spadaro v. City of Miramar* 855 F.Supp.2d 1317, 1352-53 (S.D. Fla. 2012). Because Plaintiff is seeking only damages relating to wages and mileage, his claim in Count V fails as a matter of law.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully move the Court to dismiss Counts I, II, and V of Plaintiff's Complaint, grant Defendants an award of attorneys' fees and costs pursuant to 29 U.S.C. §216(b), Fla. Stat. §448.104, Fla. Stat. §772.185, and other applicable law, and for such further relief as this Court deems just and proper.

Dated this 31st day of August 2015.

COHEN & GRIGSBY, P.C.
Attorneys for Defendants

/s/ Kelley Geraghty Price
KELLEY GERAGHTY PRICE, ESQ.
Florida Bar No. 889539
Mercato – Suite 6200
9110 Strada Place
Naples, Florida 34108-2938
(239) 390-1913 – Telephone
(239) 390-1901 – Facsimile
E-mail: kprice@cohenlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by e-service through CM/ECF service via Electronic Delivery by the Court, this 31st day of August, 2015, upon the following:

Steven A. Ramunni, Esq.
Florida Bar No. 396702
Kahle & Ramunni, PA
Suite 101
1533 Hendry Street
Fort Myers, FL  33901
Email:  ecf@kahleramunni.com

/s/ Kelley Geraghty Price

2159749.v1