UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES N. EVEY,

    Plaintiff,

v.                                    Case No: 2:15-cv-441-FtM-29MRM

CREATIVE DOOR & MILLWORK, LLC, a Florida limited liability company and CREATIVE DOOR & MILLWORK INSTALLATIONS, LLC, a Florida limited liability company,

    Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of defendants' Motion to Dismiss Counts I, II, and V of Plaintiff's Complaint (Doc. #11) filed on August 31, 2015.  Plaintiff filed a Response in Opposition (Doc. #18) on October 19, 2015.  Also before the Court is Defendants' Motion for Judgment on the Pleadings as to Counts III and IV of Plaintiff's Complaint (Doc. #17) filed on October 5, 2015.  Plaintiff filed a response in opposition (Doc. #18).  These matters are ripe for review.

**I.**

    Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

According to the Complaint, plaintiff James N. Evey, is a former employee of defendants. (Doc. #1, ¶ 15.) Plaintiff was hired as a construction laborer on a construction project known as the Naples Square Project (the Project). (Id. ¶ 16.) Plaintiff was advised that he would be compensated at a flat rate of $1,000.00 per week commencing on February 17, 2015 and he would receive mileage compensation for traveling to and from the Project. (Id. ¶ 19.) The Project did not start until March 2, 2015. (Id. ¶ 21.) After a safety meeting, defendants designated plaintiff as the Project's safety officer. (Id. ¶ 22.) As safety officer, plaintiff worked closely with the immediate supervisor of the Project and defendants' Human Resources Department. (Id. ¶ 23.)

Plaintiff informed the defendants' supervisor Eric Rickis, and defendants' Human Resources Department of unsafe and hazardous working conditions on the Project's site, as well as the presence of non-authorized persons on the site. (Id. ¶¶ 25-26.) Additionally, as part of his job responsibilities plaintiff was required to perform tasks which put his safety at risk and involved hazardous working conditions. (Id. ¶ 27.) Specifically, plaintiff was required to work at elevated heights without the use of proper safety equipment and routinely utilized lift equipment for moving

construction material to the second floor without providing proper safety equipment or warning signs/devices for protection.  (Id.)

On March 19, 2015, plaintiff refused to continue working under the unsafe conditions and he was terminated from the Project by the defendants.  (Id. ¶ 29.)  After being terminated, defendants withheld plaintiff's promised wages and mileage compensation.  (Id. ¶ 30.)  Defendants agreed to provide plaintiff with his pay, conditioned upon plaintiff's execution of a General Release of Liability Agreement (the Release) in an attempt to prohibit plaintiff from filing any causes of action, claims, and/or demands for unpaid wages and mileage compensation.  (Id. ¶ 31.)  Plaintiff refused to sign the Release and defendants continue to withhold his unpaid wages.  (Id. ¶ 30.)

Plaintiff filed the instant Complaint alleging claims for (1) Retaliatory Discharge in Violation of 29 U.S.C. § 215(a)(3) (Count I); (2) Unlawful Employment Retaliation in Violation of Section 448.102, Florida Statutes (Count II); (3) Unpaid Wages Under the FLSA (Count III); (4) Unpaid Wages in violation of Section 448.08, Florida Statutes (Count IV); and (5) Civil Extortion (Count V). (Doc. #1.)

**III.**

Defendants assert Counts I, II, and V should be dismissed for failure to state a claim upon which relief can be granted.  (Docs.

##11-12.)  In response, plaintiff argues that his claims are sufficiently pled.  (Doc. #15.)

### A. Count I: Retaliatory Discharge in Violation of 29 U.S.C. § 215(a)(3)

Pursuant to 29 U.S.C. § 215(a)(3) it is unlawful for any person "to discharge or in any other matter discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 U.S.C. 201 et seq.]."  29 U.S.C. § 215(a)(3).  In order to establish a prima facie case of retaliation under 29 U.S.C. § 215(a)(3), plaintiff must allege that (1) he engaged in activity protected under the act; (2) he suffered adverse action by the employer, and (3) a causal connection existed between the employee's activity and the adverse action.  Wolf v. Coca-Cola Company, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (citing Richmond v. ONEOK, Inc., 120 F.3d 205, 208-09 (10th Cir. 1997)).  If the defendant is able to present a valid reason for terminating the plaintiff's employment, then plaintiff may attempt to show that the proffered reason is pretextual in nature.  See id.  Furthermore, in demonstrating causation, the plaintiff must prove that the adverse action would not have been taken "but for" the assertion of FLSA rights.  See Reich v. Davis, 50 F.3d 962, 965-66 (11th Cir. 1995).

5

A plaintiff engages in "protected activity" when he protests or complains about an employer's conduct that he reasonably believes is unlawful under the FLSA. Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1388 (11th Cir. 1998). This element of plaintiff's claim has an objective and a subjective component; that is, plaintiff "must not only show that he subjectively . . . believed that his employer was engaged in unlawful employment practices, but also that his belief was objectively reasonable." Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997). The objective reasonableness of plaintiff's belief is "measured against existing substantive law." Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1351 (11th Cir. 1999). Plaintiff need not file a formal complaint to establish "protected activity;" unofficial complaints suffice as long as the objective and subjective requirements are met. EEOC v. White & Son Enters., 881 F.2d 1006, 1011 (11th Cir. 1989).

Defendants allege plaintiff did not put them on notice about claims of **FLSA violations**, and plaintiff's general workplace grievances are not sufficient to support a claim for retaliatory discharge under the FLSA. (Doc. #12, pp. 4-5.) Defendants also assert plaintiff failed to allege that he made his complaints in writing or that he intended to seek formal redress to remedy any alleged wrongful activity. (Id.) Defendants argue that because plaintiff does not identify any law or regulation pertaining to

safety that defendants allegedly violated, Count I fails to state a claim for relief.  (Id.)

Plaintiff responds that he engaged in protected activity when he brought internal complaints regarding defendants unlawful and illegal labor practices of unsafe and hazardous work environment. (Doc. #15, p. 4.)  Plaintiff alleges he made verbal complaints to his supervisor Eric Rickis and the Human Resources Department regarding the unsafe and hazardous working conditions.  (Id. at pp. 4-5.) Plaintiff argues his complaints were sufficiently clear, numerous, and detailed for defendants to understand them as an assertion of rights protected by the statute.  (Id.)

The Supreme Court has explained that to fall within the scope of the anti-retaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both the content and context, as an assertion of rights protected by the statute and a call for their protection.  Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 17 (2011).  "This standard can be met, however, by oral complaints, as well as by written ones."  Id.

The Complaint alleges defendants discharged plaintiff in whole or in part in retaliation for his complaints against defendants for failure to provide safety measures and failure to secure the Project site as required by law, rule, or regulation. (Doc. #1, ¶ 34.)  However, plaintiff fails to allege his complaints

7

concerned unlawful employment practices under the FLSA. The Complaint is devoid of any allegations that plaintiff filed complaints for violations of minimum wage or overtime laws. Plaintiff only asserts he complained about the unsafe and hazardous work conditions, and plaintiff fails to identify ant portion of the FLSA which relates to such issues. Accordingly, plaintiff cannot establish a *prima facie* case of retaliation pursuant to 29 U.S.C. 215(a)(3). Therefore, defendants' motion to dismiss Count I is granted.

**B.    Count II: Unlawful Employment Retaliation in Violation of Florida Statute Section 448.102**

The Florida Whistle-Blower Act (FWA) created a new cause of action designed "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." Arrow Air, Inc. v. Walsh, 645 So. 2d 422, 424 (Fla. 1994). The Act provides employees with a cause of action against private-sector employers who take certain types of retaliatory personnel action. Id. As such, it "is an exception to Florida's at-will employment doctrine." Aery v. Wallace Lincoln-Mercury, LLC, 118 So. 3d 904, 913 (Fla. 4th DCA 2013).

The Complaint alleges that defendant violated Fla. Stat. § 448.102(3), which provides:  "An employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in,

8

any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." The phrase "law, rule, or regulation" is defined to include "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4). In order to establish a *prima facie* case under the FWA, plaintiff must establish "1) that he objected to or refused to participate in any illegal activity, policy or practice of defendants; 2) he suffered an adverse employment action; and 3) the adverse employment action was causally linked to his objection or refusal." Aery, 118 So. 3d at 916 (citing Gleason v. Roche Labs., Inc., 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010)). To establish the first element, the plaintiff must allege that he "objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." McIntyre v. Delhaize Am., Inc., No. 8:07-cv-2371-T-30TBM, 2009 WL 1039557, at *3 (M.D. Fla. Apr.17, 2009), aff'd, 403 F. App'x 448 (11th Cir. 2010).

Defendants argue plaintiff failed to plead a *prima facie* case for violations of the FWA. (Doc. #12, p. 6.) Defendants assert plaintiff's allegations do not show that plaintiff engaged in any

9

protected conduct and the Complaint fails to allege what law, rule, or regulation was violated by the allegedly unsafe working conditions. (Id. at p. 7.)

Plaintiff responds that he has sufficiently alleged that he objected to defendants unlawful practices and as a result was terminated. (Doc. #15, p. 7.) Plaintiff also asserts that he does not need to prove an actual violation of rule or law. (Id. at p. 8.)

There appears to be a split of authority as to whether § 448.102(3) requires plaintiff to allege an actual violation of law, as opposed to a reasonable, good faith belief that a violation of law has occurred. Florida's Fourth District Court of Appeal found that the FWA does not require plaintiff to prove that he refused to engage in an *actual* violation of a law, rule, or regulation, but only that he had a good faith, objectively reasonable belief that his activity is protected by the statute. Aery, 118 So. 3d at 916 (quoting Luna v. Walgreen Co., 575 F. Supp. 2d 1326, 1343 (S.D. Fla. 2008)). On the other hand, Florida's Second District Court of Appeal and other federal district courts have found that a plaintiff must have "objected to an actual violation of law or . . . refused to participate in activity that would have been an actual violation of law." Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 465 (Fla. 2d DCA 2015); See, e.g., Meyer v. Health Mgmt. Assocs., Inc., 841 F. Supp. 2d 1262, 1268

10

(S.D. Fla. 2012); Smith v. Psychiatric Solutions, Inc., No. 08-0003, 2009 WL 903624, at *7 (N.D. Fla. Mar. 31, 2009); White v. Purdue Pharma, Inc., 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005). One Court has found that Kearns disagreement with Aery is merely dicta and does not affect the status of the law as dictated by Aery. See Canalejo v. ADG, LLC, No. 8:14-CV-17-T-MAP, 2015 WL 4992000, at *2 (M.D. Fla. Aug. 19, 2015).

The Court finds that regardless of which standard applies, plaintiff has failed to establish the first element of his FWA claim. The Complaint fails to allege that plaintiff objected to or refused to participate in defendant's allegedly illegal activity. In fact, the Complaint does not contain allegations that plaintiff informed defendants that their conduct was illegal. According to the Complaint, plaintiff complained about the unsafe and hazardous working conditions he observed while employed by defendants. (Doc. #1, ¶¶ 39-40.) On March 18, 2015, plaintiff met with defendants' Project's Supervisor, Eric Rickis and Kathy Graf from defendants' Human Resources Department to discuss the unsafe and hazardous working conditions. (Id. ¶ 41.) Plaintiff refused to continue working under the unsafe and hazardous conditions and defendants willfully retaliated against plaintiff by terminating his employment. (Id. ¶¶ 42-46.)

Taking the factual allegations in a Complaint as true, although plaintiff may have reasonably believe that the work

conditions at the Project were unsafe, he does not contend that those conditions were unlawful. Because the Complaint is devoid of allegations that defendants' conduct was unlawful, Count II fails to state a claim. Accordingly, defendants' motion to dismiss is granted as to Count II.

**C.   Count V: Civil Extortion**

Plaintiff brings a claim for extortion pursuant to Florida Statutes §§ 772.103(1)(a)(26) and 772.104. Plaintiff alleges defendants violated the Civil Remedies for Criminal Practices Act ("CRCPA") (Count V), Florida Statute § 772.103. The Complaint does not specify which subsection of § 772.103 plaintiff is seeking relief under. The CRCPA states:

> It is unlawful for any person:
>
> (1) Who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of criminal activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.
>
> (2) Through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.
>
> (3) Employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity or the collection of an unlawful debt.

12

>     (4) To conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

Fla. Stat. Ann. § 772.103 (West). Regardless of which section applies, plaintiff must allege a "pattern of criminal activity." "[P]attern of criminal activity" is defined as:

> [E]ngaging in at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents; provided that the last of such incidents occurred within 5 years after a prior incident of criminal activity.

Fla. Stat. § 772.102(4).

Defendants argue that plaintiff has failed to plead all the necessary elements to support his claim. (Doc. #12, pp. 8-9.) Defendants contend that plaintiff has failed to allege that the predicate acts are related and that they amount to or pose a threat of criminal activity. (Id.) Defendants also assert plaintiff has failed to allege continuity which is an essential element of his claim. (Id.) Finally, defendants argue that plaintiff's only alleged injuries relate to lost employment and wages which cannot be brought under this claim. (Id.)

Plaintiff responds that defendants violated the CRCPA by demanding that he sign the Release upon his termination in order to obtain his final compensation. (Doc. #15, pp. 9-10.) Plaintiff argues the Release was intentionally made by defendants and

13

plaintiff was compelled to sign the release in exchange for receiving his unpaid wages. (Id.)

Upon review of the Complaint, the Court finds that plaintiff has failed to state a claim under the CRCPA. The Complaint alleges defendants are liable for civil extortion and/or attempt to civilly extort plaintiff because they provided plaintiff with the Release with the intent to avoid liability for any and all claims that plaintiff has against them. (Doc. #1, ¶¶ 70-71.) Even assuming *arguendo* defendants' conduct constituted a criminal activity, the Complaint does not contain allegations of "at least two incidents of criminal activity" as required under the statute to establish a pattern of criminal activity. Plaintiff only alleges that defendants presented *him* with the Release on *one* occasion.

The Complaint does allege that defendants knowingly engaged in a "pattern of criminal activity" intended to extort the plaintiff into signing the Release. (Id. ¶ 72.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to withstand a motion to dismiss. Iqbal, 556 U.S. at 678. The Court finds that plaintiff has failed to properly allege a claim under CRCPA. Therefore, defendants' motion to dismiss is granted as to Count V.

**IV.**

Defendants also move for judgment on the pleadings as to plaintiff's claims for unpaid wages under the FLSA (Count III) and

Section 448.08, Florida Statutes (Count IV). (Doc. #17.) Defendants assert that they tendered full payment of plaintiff's unpaid wages, any liquidated damages and interest in the sum of $1,7474.72 to plaintiff. (Id. ¶¶ 4-5.) Defendants argue that by tendering full payment for all amounts owed, defendants have eliminated any controversy or cause of action to be pursued by plaintiff for unpaid wages. (Id.)

Plaintiff filed a response in opposition asserting that he has not received any payment from defendants for his unpaid wages. (Doc. #18.) Plaintiff also asserts that he would reject the allegedly issued check because it does not tender full payment of his unpaid wages because the amount owed remains in dispute. (Id.)

Even if defendants' offer satisfied all of plaintiff's demands, plaintiff rejected the offer and thus, his claims still give rise to a live case or controversy. The Supreme Court in Campbell-Ewald held as a general matter that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 672 (2016). Thus, even if defendants offered complete relief to plaintiff for Counts III and IV, his lack of acceptance of that offer means that this case remains a live case or controversy under Article III. Therefore, defendants' motion for judgment on the pleadings as to Counts III and IV is denied.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss Counts I, II, and V of Plaintiff's Complaint (Doc. #11) is **GRANTED**, and these counts are dismissed without prejudice.

2. Defendants' Motion for Judgment on the Pleadings as to Counts III and IV of Plaintiff's Complaint (Doc. #17) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record